**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR-PHX-0845-PHX-DLR |
| | ) | |
| Plaintiff, | ) | (No. CR-19-00050-PHX-DLR) |
| vs. | ) | (Supervised Release Violation) |
| | ) | FINDINGS AND RECOMMENDATION |
| Angel Botello-Moreno, | ) | OF THE MAGISTRATE JUDGE UPON A |
| | ) | PLEA OF GUILTY AND ADMISSION |
| Defendant. | ) | |
| | ) | |

**TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:**

Upon Defendant's request to enter a plea of guilty and an admission to the violation(s) of supervised release, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this matter came on for hearing before United States Magistrate Judge James F. Metcalf on August 8, 2019 with the written consents of Defendant, counsel for Defendant, and counsel for the United States of America.

The hearing on Defendant's plea of guilty and admission to the violation(s) of supervised release was in full compliance with Rule 11 of the Federal Rules of Criminal Procedure, before the undersigned Magistrate Judge in open court and on the record. In consideration of that hearing and the statements made by Defendant under oath on the

record and in the presence of counsel, and the remarks of the Assistant United States Attorney and of counsel for Defendant,

**I FIND** as follows:

(1) that Defendant understands the nature of the charge(s) and supervised release violation(s) to which Defendant pleads and the nature of the offense and violation to which the Defendant is pleading guilty and admitting;

(2) that Defendant understands the right to trial by jury and to a revocation hearing, to persist in a plea(s) of not guilty and denial, to the assistance of counsel, and appointed counsel if necessary at trial and at every other stage of the proceeding, to confront and cross-examine adverse witnesses, the right against compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(3) that Defendant understands any maximum possible penalty for the offense to which Defendant is pleading guilty, including imprisonment, fine and supervised release, the maximum disposition for the supervised release violation, and where applicable, any mandatory minimum penalty; that Defendant understands the effect of the supervised release term; that Defendant understands the Court's authority to order restitution and its obligation to impose a special assessment and any applicable forfeiture;

(4) that Defendant understands the Court's obligation to calculate the applicable sentencing guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); that Defendant understands that the sentencing and disposition guidelines are advisory, not mandatory, and that the sentencing and disposition judge may depart from those guidelines;

(5) that Defendant understands that answers given by Defendant may later be used in a prosecution for perjury or false statement;

(6) that Defendant understands that by pleading guilty Defendant is waiving the right to a jury trial, and by admitting to the violation of supervised release Defendant is waiving the right to a revocation hearing;

(7) that Defendant understands the terms of any plea agreement provision waiving

the right to appeal or to collaterally attack the sentence and disposition, and has knowingly, intelligently and voluntarily waived those rights;

(8) that Defendant's plea of guilty and admission to the violation(s) of supervised release have been knowingly, intelligently and voluntarily made and are not the result of force or threats or of promises apart from the plea agreement between the parties;

(9) that Defendant is competent to plead guilty and admit to a supervised release violation;

(10) that Defendant is satisfied with the representation provided by defense counsel; and

(11) that there is a factual basis for Defendant's plea and admission.

**I RECOMMEND** that the Court accept Defendant's plea of Guilty to the Indictment and Admission to the violation of supervised release.

**ORDER**

**IT IS ORDERED** that any objection to the guilty plea or admission proceedings and any request for supplementation of those proceedings be made by the parties in writing and shall be specific as to the objection or request made. All objections or requests for supplementation shall be filed within fourteen (14) days of the date of service of a copy of these findings unless extended by an Order of the assigned District Judge.

**IT IS FURTHER ORDERED** that any letters, documents, or other matters Defendant would like the assigned District Judge to consider before sentencing and disposition (including the English translation of any writings not in English) must be submitted by defense counsel in paper form with the original to the U. S. Probation Office and copies to the assigned District Judge and opposing counsel at least five (5) business days prior to the sentencing and disposition date or they may be deemed untimely by the assigned District Judge and not considered. No more than ten (10) character letters shall be submitted by defense counsel, unless otherwise ordered by the court. Character letters shall not be mailed directly to the assigned District Judge by any family members or other persons writing in support of the defendant. Character letters or a notice of such shall

not be filed electronically unless otherwise ordered by the court.

**IT IS FURTHER ORDERED** that any motions for upward or downward departures or any sentencing or disposition memoranda must be filed at least seven (7) business days prior to the disposition date. Responses are due three (3) business days prior to the sentencing and disposition date. Any motion to continue sentencing or disposition must be filed promptly upon discovery of the cause for continuance and must state the cause with specificity. Motions to continue sentencing or disposition filed less than fourteen (14) days before sentencing and disposition are disfavored. If either party intends to call a speaker at disposition, other than the Defendant, counsel must notify the Courtroom Deputy at least three (3) business days in advance.

Dated this 8th day of August, 2019.

Honorable James F. Metcalf
United States Magistrate Judge